**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-07-01410-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Edward Luz, | |
| Defendant. | |

Pending before the Court is Defendant Michael Edward Luz's Motion for Relief (Doc. 74) from the two writs of garnishments (hereinafter, the "writs") issued to Gila River Indian Community ("GRIC") (Docs. 70, 71).

The writs issued on September 9, 2021. GRIC has not yet provided an answer to either writ. On the same day, a deputy clerk signed two Notices of Post Judgment Garnishment (hereinafter "Notices"). (Docs. 70-1, 71-1).

On October 8, 2021, Defendant, pro se, filed a motion in response to the Notices seeking an appeal of the writs based on his alleged exemptions. (Doc. 74). Defendant did not return a copy of the Notice itself. The Government responded to Defendant's letter, arguing that Defendant did not properly request a hearing or allege a plausible claim of exemption that Defendant would be entitled to a hearing. (Doc. 75 at 4–5).

Because the Defendant is pro se, the Court liberally construes Defendant's motion as an attempt to invoke an exemption under 26 U.S.C. § 6334 and request a hearing on the same. However, the Court agrees with the Government that Defendant's motion fails to

properly set forth any exemptions that would entitle him to a hearing. The Court must look to 26 U.S.C. § 6334 to identify whether Defendant has claimed of one of the exemptions enumerated in that statute. Defendant's proffered reasons for seeking an objection, namely that he is "trying to catch up on bills" and "can barely afford to live off [his] income and [] provide for [his] family," and that his three children "rely on [his] income for food, shelter, and clothing," do not fall within any of the enumerated categories in 26 U.S.C. § 6334.

Based on the limited record before it, the Court finds that it need not conduct a hearing without Defendant offering a plausible argument or basis under 26 U.S.C. § 6334 for the Court to hold a hearing. As such, the Court directs the Defendant to file a reply to the Government's Response explaining his basis for the hearing request based on any of the applicable categories enumerated in 26 U.S.C. § 6334. The Court cautions Defendant that if he fails to file a timely reply, or if his reply fails to allege legitimate exemptions to the writs issued to GRIC, the Court will deny his motion for a hearing.

However, GRIC has also not yet answered either of the writs. In view of the Government's latest application for writ of garnishment filed on January 5, 2022 as to Dicken Quality Demolition, LLC (Doc. 76), it is unclear to the Court whether the Government intends to continue pursuing its writs issued to GRIC or whether GRIC is in possession of any of Defendant's property. Thus, the Court also directs the Government to file a supplement addressing whether Defendant's present motion is moot based on GRIC's failure to answer.

Accordingly,

**IT IS ORDERED** that Defendant must, by **January 28, 2022**, file a reply to the Government's Response to his request for hearing (Doc. 75) explaining his basis for requesting the hearing as to the writs issued to GRIC.

**IT IS FURTHER ORDERED** that the Government must file a supplement within 15 days of this order as to whether Defendant's request for hearing (Doc. 74) is moot based on GRIC's failure to answer the writs served upon it.

///

**IT IS FURTHER ORDERED** that, upon reviewing the reply and the supplement, the Court will determine whether a hearing is necessary.

Dated this 13th Day of January, 2022.

James A. Teilborg
Senior United States District Judge