**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-07-01410-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Edward Luz, | |
| Defendant. | |

Pending before the Court is Defendant Michael Edward Luz's Request for Hearing (Doc. 88) in response to his receipt of a Notice of Post Judgment Garnishment (Doc. 84-1). The Government filed a Response and an Amended Response, arguing that Defendant failed to properly raise issues under 28 U.S.C. § 3202(d)(1)-(3). (Docs. 89, 90).

On June 15, 2022, the Government issued an Application for Writ of Garnishment to Barrett Business Services, Inc. and provided a Notice of Post Judgment Garnishment to Defendant. (Doc. 84). On June 27, 2022, Defendant mailed in a request for a hearing on the garnishment. (Doc. 88). On July 5, 2022, Barrett Business Services, Inc. filed a Garnishee's Answer to the Application for Writ of Garnishment. (Doc. 86).

Because the Defendant is pro se, the Court liberally construes Defendant's request as an attempt to invoke an exemption under 28 U.S.C. § 3202(d) and request a hearing on the same.[1] However, the Court agrees with the Government that Defendant's motion fails

---

[1] As noted by the Government, 28 U.S.C. § 3205(c)(5) also provides a defendant an opportunity to request a hearing if they raise timely objections to a garnishee's answer. However, because Defendant's Request for a Hearing (Doc. 88) is dated prior to the Garnishee's Answer (Doc. 86), 28 U.S.C. § 3202(d) applies to Defendant's request.

to properly set forth any exemption under that statute that would entitle him to a hearing. The Court must look to 28 U.S.C. § 3202(d) to identify whether Defendant has claimed of one of the exemptions enumerated in that statute. However, Defendant offers no reasons for seeking a hearing.

Based on the limited record before it, the Court finds that it need not conduct a hearing without Defendant offering a plausible argument or basis under 28 U.S.C. § 3202(d) for the Court to hold a hearing. As such, the Court directs the Defendant to file a reply to the Government's Response explaining his basis for the hearing request based on any of the applicable categories enumerated in 28 U.S.C. § 3202(d). The Court cautions Defendant that if he fails to file a timely reply, or if his reply fails to allege legitimate exemptions to the writ issued to Barrett Business Services, Inc., the Court will deny his motion for a hearing.

Accordingly,

**IT IS ORDERED** that Defendant must, within 21 days of this Order, file a reply to the Government's Response to his request for hearing (Doc. 89) explaining his basis for requesting the hearing as to the writs issued to Barrett Business Services, Inc.

**IT IS FURTHER ORDERED** that, upon reviewing the reply, the Court will determine whether a hearing is necessary.

Dated this 11th day of July, 2022.

James A. Teilborg
Senior United States District Judge